Argued March 17, affirmed April 12, 1976

STATE OF OREGON, *Respondent,*
*v.*
WILLIAM DEAN BRIZENDINE, *Appellant.*
(No. 8972, CA 5396)
548 P2d 518

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*James A. Hill, Jr.,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

Defendant was found guilty by jury verdict of theft in the first degree. ORS 164.015. The indictment described an automobile, alleging its value to be over $200. ORS 164.055. He received a five-year sentence. He appeals, assigning as error the refusal of the court to allow his motion for judgment of acquittal.

The relevant statutes provide:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; or

"* * * * *." ORS 164.015.

"(1) A person commits the crime of theft in the first degree if * * * he commits theft as defined in ORS 164.015; and

"(a) The total value of the property in a single or aggregate transaction is $200 or more * * *

"* * * * *." ORS 164.055.

The evidence was that the defendant, whom the owner trusted, told the owner he would sell the owner's automobile for him for $550. At defendant's request the owner signed the certificate of title to the automobile and delivered it to defendant. However, instead of selling it for the owner for $550, defendant sold the car for $350 and kept the money.

It is not clear what defendant's contention was that he thought entitled him to an acquittal, but the evidence before the court at the time the motion was made permitted a reasonable inference that defendant, with intent to deprive the owner of his automobile (valued at more than $200), appropriated it to his own use.

Affirmed.